FILED

**NOT FOR PUBLICATION**

DEC 15 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| GASPAR MENDEZ ORTIZ, | No. 13-72900 |
| Petitioner, | Agency No. A073-751-784 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2015[**]

Before:    WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Gaspar Mendez Ortiz, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and we review de novo questions of law. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the agency's finding that Mendez Ortiz's experiences in Guatemala, where he once heard gunshots and Awakatecos threw rocks at him one time and pushed him in a market another time, did not rise to the level of persecution. *See id.* at 1059-60 (record did not compel a finding of past persecution where applicant was beaten and robbed twice, and accosted by threatening mobs); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (harassment, threats, and one beating did not compel a finding of past persecution). Further, substantial evidence supports the agency's finding as to future persecution where Mendez Ortiz failed to demonstrate sufficient individualized risk that it is more likely than not that he would be persecuted if he returned to Guatemala. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of persecution "too speculative"); *see also Wakkary*, 558 F.3d at 1066 ("[a]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail than would an asylum applicant"). We reject Mendez Ortiz's contention that the BIA's analysis was inadequate and incomplete. Thus, Mendez Ortiz's withholding of removal claim fails.

13-72900

Finally, substantial evidence also supports the agency's denial of CAT relief because Mendez Ortiz failed to establish it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008); *see also Alphonsus v. Holder*, 705 F.3d 1031, 1049-50 (9th Cir. 2013) (portions of country reports contradicted petitioner's claim).

**PETITION FOR REVIEW DENIED.**